IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL JONES and <br> NANCY JONES, <br>   Plaintiffs, <br> v. <br> INDIANA AREA SCHOOL DISTRICT; <br> KATHLEEN R. KELLEY; RODNEY <br> RUDDOCK; and ARIN <br> INTERMEDIATE UNIT, <br>   Defendants. | 2:03cv1081 <br> **Electronic Filing** |

SUPPLEMENTAL MEMORANDUM OF LAW

February 16, 2006

Defendants filed a motion to reconsider this Courts rulings on motions *in limine*, specifically, the Court's ruling to exclude references to Rachel Jones' ("Rachel") sexual history.[1]  In its motion for reconsideration, Defendant, Indiana Area School District ("Indiana"), argued that Rachel's admitted sexual infidelity in or around the beginning of 2004 and "possible rape" were admissible as alternate causes for a suicide attempt that occurred in May of 2004.  During trial, Indiana again objected to the Court's ruling contending that the "rape" was probative of Rachel's diagnosis of post traumatic stress disorder, and it was severely prejudiced by the Court disallowing cross examination of Plaintiff's expert regarding the "rape."  Because of this recurrent theme in Defendant's case, the Court will expand upon its reasons for the exclusion of the evidence relating to Rachel's sexual activity in 2004.

As an initial matter, it should be noted that Indiana failed to mention anything about Rachel being a rape victim in its motion and brief in opposition to Plaintiffs' motion to exclude reference to Rachel's sexual activity.  Defendants contention at that time was that Rachel's

---

[1] The motions for reconsideration were denied by the Court by Order dated February 9, 2006.

sexual history was probative as a possible alternative reason for Rachel's suicide attempt in May of 2004, and should be considered by the jury. On the day of the suicide attempt, Rachel allegedly told her boyfriend that she had slept with another boy. Her boyfriend then broke up with her.

The Court found that the probative value of Rachel's sexual conduct was outweighed by its possible prejudice to Rachel. The fact that the suicide attempt occurred on the same day as the break-up with her boyfriend, however, is probative because of the temporal relation to the suicide attempt. Conversely, according to the report of Stuart S. Burstein, M.D., Indiana's psychiatric expert, "[t]he purported infidelity happened a couple of months before the suicide attempt." *See* Indiana's Amended Pretrial Statement, p. 5. Rachel's sexual activity, whether it was the cause of the break-up or not, is a collateral matter that has little probative value in this instance.

In its motion for reconsideration, Indiana mentions for the first time that Rachel's admitted infidelity "may possibly have been a rape," and was, therefore, probative as an alternate cause of Rachel's post traumatic stress diagnosis. During the cross examination of James R. Merikangas, M.D., Plaintiff's psychiatric expert, Indiana again objected to the Court's exclusion of Rachel's sexual activity. Indiana again argued that the sexual assault was relevant and probative as an alternate cause of Rachel's post traumatic stress disorder as diagnosed by Dr. Merikangas. The Court upheld its original ruling excluding the sexual conduct.

In reaching its decision, the Court did a comprehensive review of the record to find any evidence that Rachel had been a victim of a rape. In Plaintiff's memorandum of law in support of her motion to exclude certain medical records, Plaintiff made reference to "one portion of the counseling records from 2004, [in which] Plaintiff Rachel Jones discusses an event which her counselor characterizes as a possible sexual assault, although Rachel has no memory of it due to excess alcohol." Plaintiff's Memorandum of Law in Support of Motion to Exclude All

Medical, Psychological and Counseling Records from Evidence, p. 2.

The Court also reviewed the reports of the three (3) psychiatric experts, Dr. Burstein, Dr. Merikangas, and Ann H. Garrett, Ph.D. Despite their interviews with Rachel, none of the doctors' reports made reference to Rachel being a victim of a possible sexual assault. Further, both Dr. Burstein and Dr. Merikangas reviewed the counselor's notes prior to preparing their reports, yet neither found the counselor's characterization important enough to include in their analysis or opinion. Because there is no basis in fact that a sexual assault or possible rape ever occurred, the Court found that the alleged event was too speculative to allow mention at trial. Without any evidence of its occurrence, testimony regarding a possible rape has no probative value, can be confusing and misleading to the jury, and is extremely prejudicial to Rachel.

s/ David Stewart Cercone<br>
David Stewart Cercone<br>
United States District Judge

cc:   Maureen Dunn Harvey, Esquire
      Wallace, Chapas & Associates
      2220 Grant Building
      Pittsburgh, PA 15219

      John W. Smart, Esquire
      Beth S. Mills, Esquire
      Andrews & Price
      Suite 506
      1500 Ardmore Boulevard
      Pittsburgh, PA 15221

      Douglas R. Nolin, Esquire
      Frank G. Adams, Esquire
      Peacock Keller & Ecker, LLP
      70 East Beau Street
      Washington, PA 15301